IN THE UNITED STATE DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | : | CRIMINAL NO. 15- | |
|---|---|---|---|
| v. | : | DATE FILED: | May 14, 2015 |
| XIAOXING XI | : | VIOLATIONS: | 18 U.S.C. § 1343 (wire fraud – 4 counts) |
| | : | | 18 U.S.C. § 2 (aiding and abetting) |
| | : | | 18 U.S.C. 981(a)(1)(C) (notice of forfeiture) |

## INDICTMENT

## COUNTS ONE THROUGH FOUR

**THE GRAND JURY CHARGES THAT:**

At all times material to this Indictment:

1. "Superconductors" are high-technology materials that conduct electricity without electrical resistance, thus dramatically improving the performance and efficiency of certain technology. One method of achieving superconductivity involves the growth of superconducting thin films on substrates.

2. Defendant XIAOXING XI, a native of the People's Republic of China ("China") and naturalized United States citizen residing in Pennsylvania, was a university physics professor and world-renowned expert in the field of magnesium diboride thin film superconducting technology.

3. In or about 2002, defendant XIAOXING XI participated in China's National High Technology Research and Development Program (also known as the "863 Program") as a referee in the field of superconductivity. The 863 Program was a longstanding

1

Chinese government program intended to boost high-technology innovation and development in China.

4. From in or around 2002 through in or around 2012, defendant XIAOXING XI repeatedly and frequently collaborated with various entities in China, including government entities, regarding the field of superconductivity. During these collaborations, XI repeatedly offered to help Chinese entities become world leaders in the field.

5. From in or around 2002 through in or about 2003, defendant XIAOXING XI took a sabbatical from his university position and worked with a company ("U.S. COMPANY") in the field of thin film superconductivity research. During this time period, individuals at U.S. COMPANY invented a piece of technology ("Device") which revolutionized the field of superconducting magnesium diboride thin film growth.

6. From in or around 2002 through in or around 2012, XI repeatedly sought to orchestrate the obtaining of U.S. COMPANY technology and information for entities in China.

7. Starting in or about January 2004, defendant XIAOXING XI sought to purchase a custom-designed Device from U.S. COMPANY. In furtherance of these efforts, XI applied for and was awarded a U.S. Defense Department DURIP (Defense University Research Instrumentation Program) grant, to finance his purchase of the Device and other equipment for research relevant to the U.S. Department of Defense.

8. U.S. COMPANY initially resisted defendant XIAOXING XI's efforts to obtain the Device due to intellectual property concerns. However, in or about January 2006, U.S. COMPANY ultimately agreed to provide the Device to XI for a period of twelve months in exchange for XI's written and signed agreement ("Agreement") confirming that XI was being

2

granted "a license to use the [Device] solely for testing purposes and [that XI] agrees not to reproduce, sell, transfer or otherwise distribute the [Device], or any copies thereof, to any third party." The Agreement further provided that XI will "not disassemble, decompile, or in any way reverse engineer the [Device]," and that the "release of the [Device] to [XI] does not constitute a commercialization of the [Device], but rather is a release for testing purposes only."

## THE SCHEME

9. From in or about 2004 through in or about 2012, defendant

## XIAOXING XI

devised and intended to devise a scheme to defraud U.S. COMPANY in order to obtain its technology, provide it to entities in China, and to assist these entities in further exploitation and use of the technology, and to obtain for himself and for entities in China money and property by means of false and fraudulent pretenses, representations and promises.

## MANNER AND MEANS

It was part of the scheme that:

10. In or about January 2006, defendant XIAOXING XI signed the Agreement with U.S. COMPANY, knowing and intending that the material misrepresentations contained therein would induce U.S. COMPANY to provide him the Device.

11. Defendant XIAOXING XI repeatedly reproduced, sold, transferred, distributed, and otherwise shared the Device and the technology of the Device with and exploited it for the benefit of third parties in China, including government entities, and attempted to do so, both personally and through the assistance of his post-doctoral students from China, in an effort to help Chinese entities become world leaders in the field of superconductivity.

12. In exchange for his efforts to advance the field of superconductivity in China, defendant XIAOXING XI repeatedly sought lucrative and prestigious appointments in China.

13. On or about the dates set forth below, in Philadelphia, in the Eastern District of Pennsylvania, and elsewhere, defendant

**XIAOXING XI,**

for the purpose of executing the scheme described above, and aiding and abetting its execution, caused to be transmitted by means of wire communication in interstate and foreign commerce the signals and sounds described below for each count, each transmission constituting a separate count:

| **COUNT** | **DATE** | **DESCRIPTION** |
| --- | --- | --- |
| One | May 14, 2010 | E-mail communication from XIAOXING XI to J.L., an associate in China, confirming that certain technology had been delivered to a laboratory in China, and offering his personal assistance therewith. |
| Two | June 02, 2010 | E-mail communication from XIAOXING XI to Y.W., an associate in China, offering to build a world-class thin film laboratory in China. |
| Three | June 02, 2010 | E-mail communication from XIAOXING XI to X.J., an associate in China, offering to build a world-class thin film laboratory in China. |
| Four | December 09, 2010 | E-mail communication from XIAOXING XI to J.Z., an associate in China, offering to build a world-class thin film laboratory in China. |

All in violation of Title 18, United States Code, Sections 1343 and 2.

4

## NOTICE OF FORFEITURE

**THE GRAND JURY FURTHER CHARGES THAT:**

  1. As a result of the violations of Title 18, United States Code, Section 1343, set forth in this Indictment, defendant

### XIAOXING XI

shall forfeit to the United States of America any property, real or personal, which constitutes or is derived from proceeds traceable to the commission of such offenses.

  2. If any of the property subject to forfeiture, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 28, United States Code, Section 2461(c), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the property subject to forfeiture.

All pursuant to Title 28, United States Code, Section 2461; and Title 18, United States Code, Section 981(a)(1)(C).

A TRUE BILL:

_____
FOREPERSON

*Peter F Schenck for*
ZANE DAVID MEMEGER
United States Attorney